UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————

SYED MAHMOOD,

                                 Plaintiff,

                               v.                                                             15-CV-664

UNITED STATES POSTAL OFFICE,

                                 Defendant.

———————————————————

## ORDER

On October 7, 2016, the Court ordered the plaintiff to respond to the defendant's motion to dismiss by November 9, 2016. (Dkt. No. 5). The Court further advised the plaintiff that his failure to comply with the Court's order may result in dismissal pursuant to Local Rule of Civil Procedure 41(b). Several months later, and despite the Court's order, the plaintiff has not responded to the defendant's motion.

The Court has considered the factors relevant to the question whether to dismiss a case for failure to prosecute or for failure to comply with a court's order. *See* Fed. R. Civ. P. 41(b); *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009).

First, the plaintiff was warned that failure to comply with the Court's order may result in dismissal.

Second, although this case has not taken up the Court's time or congested its docket, "[b]ecause [plaintiff] has made no effort to comply with the Court's directives or to prosecute [this] action, it would be unfair to the numerous other litigants who await the attention of this Court to permit [the plaintiff's] suit to remain on the docket."

*Feurtado v. City of New York*, 225 F.R.D. 474, 480 (S.D.N.Y. 2004). In other words, the Court has considered the plaintiff's "right to an opportunity for a day in court," *Lewis*, 564 F.3d at 576, but that right is entitled to little weight when the plaintiff has not shown an intent to exercise the right.

And third, no lesser sanction would be appropriate or effective. The Court lacks information about the plaintiff's ability to pay a fine or a monetary sanction, meaning that the only other conceivable sanction short of dismissal would be to, once again, direct the plaintiff to respond to the defendant's motion to dismiss. However, "[a] court need not beg a party to comply with its orders." *Peters-Turnbell v. Bd. of Ed. of City of New York*, No. 96 CIV. 4914(SAS), 1999 WL 959375, at *4 (S.D.N.Y. Oct. 20, 1999).

Thus, after careful consideration, the Court dismisses this case, with prejudice, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

    *Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated: April 25, 2017